IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WILLIAM A. WHITLOW,
Inmate No. 513215,
    Plaintiff,

vs.                        Case No.: 3:17cv492/MCR/EMT

CHAPLAIN Q. LANE, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate of the Florida Department of Corrections proceeding pro se, initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1). Plaintiff has also filed a motion to proceed in forma pauperis (ECF No. 2).

The court takes judicial notice that there are at least three cases previously filed by Plaintiff in the United States District Courts that have been dismissed as frivolous or for failing to state a claim upon which relief may be granted. Pursuant to the "three strikes" provision of the Prison Litigation Reform Act:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In fact, Plaintiff's status as a prisoner with "three strikes" has been determined in another civil rights complaint he filed in this district contemporaneously with this case, Case No. 3:17cv493/MCR/CJK. As provided in that case:

> The court takes judicial notice of three federal civil actions previously filed by Plaintiff, while incarcerated, which were dismissed as malicious. *See Whitlow v. Oliver*, No. 5:17cv23-MCR-CJK (N.D. Fla. May 20, 2017); *Whitlow v. Samples*, No. 5:16cv347-WTH-GRJ (N.D. Fla. Feb. 8, 2017); *Whitlow v. Rummel*, No. 3:16cv470-LC-EMT (N.D. Fla. Oct. 27, 2016). The foregoing cases may be positively identified as having been filed by plaintiff, because they bear his Florida Department of Corrections' inmate number, DC# 513215.

Whitlow v. Wade, Case No. 3:17cv493/MCR/CJK, ECF No. 4 at 2 (Report and Recommendation, filed August 2, 2017). This court has independently verified that the previous cases referenced were indeed dismissed as malicious.[1] Thus, Plaintiff's status as a "three striker" is established.

A prisoner with three strikes is precluded from proceeding in forma pauperis in a civil action unless it can be shown that he meets the "imminent injury" exception that is provided in Section 1915(g). For this exception to be met, the court must be able to determine from the complaint that the plaintiff is under imminent danger of

---

[1] And, as the court has independently verified, the inmate number of the plaintiff in those cases (#513215) is the same as Plaintiff's.

serious physical injury.  Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004).  In so doing, the court must construe the complaint liberally and accept its allegations as true.  *See id.*; Jackson v. Reese, 608 F.2d 159, 160 (5th Cir. 1979); McAlphin v. Toney, 281 F.3d 709, 710 (8th Cir. 2002).  However, general allegations that are not grounded in specific facts to indicate that serious physical injury is imminent are not sufficient to invoke the exception to Section 1915(g).  Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).  The plaintiff must allege and provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.*, and vague allegations of harm and unspecific references to injury are insufficient.  White v. State of Colorado, 157 F.3d 1226, 1231 (10th Cir. 1998).

In the instant case, Plaintiff's complaint is devoid of any allegations suggesting that he is under imminent danger of serious physical injury.  Rather, his claims and allegations are concerned only with the denial of a particular religious diet at the institution where he is incarcerated.  His claims in no way evidence physical injury and therefore do not meet the exception.

Because Plaintiff is subject to section 1915(g), he is not eligible to proceed in forma pauperis.  And, because Plaintiff did not pay the $400.00 filing fee at the time

Case No.: 3:17cv492/MCR/EMT

he submitted this civil rights action, this case should be dismissed. Leave should not be provided to allow him to pay the fee. Rather, because a prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee *at the time he initiates the suit*, his failure to do so warrants dismissal without prejudice. Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001). Dismissal without prejudice would permit the initiation of a new cause of action accompanied by payment of the $400.00 filing fee in its entirety.

Accordingly, it is respectfully **RECOMMENDED**:

That pursuant to 28 U.S.C. § 1915(g), this cause be **DISMISSED WITHOUT PREJUDICE** to Plaintiff's initiating a new cause of action accompanied by payment of the $400.00 filing fee in its entirety.

At Pensacola, Florida, this 4th day of August 2017.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**